IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMOS FULFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-349-NJR |
| | ) | |
| PRISONER REVIEW BOARD, | ) | |
| S. BENTON, J. FRICKER, and | ) | |
| T. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Amos Fulford, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

There are several issues with Fulford's Complaint. First, he lists the Prisoner Review Board, S. Benton, J. Fricker, and T. Johnson as defendants, but he fails to include any allegations against them. In fact, his "Statement of Claim" and "Request for Relief" sections of his Complaint are blank (Doc. 1, pp. 13-14). He only includes a grievance and two letters to the Prison Review

1

Board. There are no allegations to suggest that any defendant violated his constitutional rights. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A successful complaint generally alleges "the who, what, when, where, and how…"  *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Fulford's Complaint fails to meet any of these requirements.

His caption also fails to include any of the individual defendants, which is improper. When parties are not listed in the caption, the Court will not treat them as defendants, and any claims against them should also be considered dismissed without prejudice. *See* Fed. R. Civ. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party). Thus, Fulford fails to state a claim in his Complaint against any defendant.

If Fulford wants to pursue his claims, he must file an Amended Complaint. The Amended Complaint should identify *who* violated Fulford's constitutional rights by name, should include a description of *how* his rights were violated, and *when* that violation took place.

Accordingly, Fulford's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Fulford is **GRANTED** leave to file a "First Amended Complaint" on or before **May 4, 2021**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P.

41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Fulford must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Fulford is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Fulford is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 4/6/2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**