IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMOS FULFORD, #R09402, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cv-00349-MAB |
| | ) | |
| ANN LEHR, | ) | |
| TAMMY STEVENS, | ) | |
| TERRY GRISSOM, | ) | |
| and ROB JEFFREYS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Amos Fulford brought this action pursuant to 42 U.S.C. § 1983 while he was an inmate of the Illinois Department of Corrections ("IDOC") at Vienna Correctional Center ("Vienna"). (Doc. 1). He alleges his constitutional rights were infringed when he was not given a low bunk permit although his medical conditions qualified him for one. (Doc. 9, p. 11).

The Court previously reviewed Fulford's original Complaint (Doc. 1) and concluded that it failed to state a claim upon which relief may be granted. (Doc. 7). Fulford failed to include any allegations against the original four Defendants[1] and left the "Statement of Claim" and "Request for Relief" sections of the pleading blank. (Doc. 7, pp. 1-2). The Court dismissed the Complaint without prejudice to Fulford filing an Amended

---

[1] None of the four Defendants identified in the original Complaint (Doc. 1) are named in the Amended Complaint, therefore the Court concludes that Fulford has abandoned his claims against them.

Complaint. *Id.*

Fulford submitted his First Amended Complaint on April 8, 2021. (Doc. 9). On June 7, 2021, he notified the Clerk that he had been released from prison and is residing in Chicago. (Doc. 12; Doc. 13).

The First Amended Complaint (Doc. 9) is now before the Court for preliminary review under 28 U.S.C. § 1915A,[2] which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

The First Amended Complaint presents the following allegations:  Fulford came to Vienna on January 22, 2019. (Doc. 9, p. 11). He weighs over 300 pounds and cannot access the top bunk due to his weight and "mild back arthritis" documented in his medical records. (Doc. 9, pp. 6-7, 11). He claims all Caucasian inmates weighing over 300 pounds are given bottom bunk permits but he was not, and as of April 2021 he was still assigned to the top bunk. (Doc. 9, pp. 9, 11). He also used a personal stool for seating in his cell but it was taken away, leaving the cell with only one stool. (Doc. 9, pp. 6-7). He seeks money damages for his pain and suffering. (Doc. 9, p. 12).

---

[2] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of magistrate judge jurisdiction as set forth in the Memoranda of Understanding between this Court, the Illinois Department of Corrections, and Wexford.

Fulford attaches an emergency grievance he submitted on January 23, 2021 over the bunk permit and loss of his stool. (Doc. 9, p. 6). Defendant Warden Grissom directed it to be handled as an emergency. *Id.* The grievance was denied on February 25, 2021; Fulford was directed to submit a nurse sick call slip to address the bottom bunk request and was advised only one stool per cell is allowed. *Id.* Fulford appealed, and the Administrative Review Board denied the appeal. (Doc. 9, p. 8). Fulford asserts that all Defendants saw his grievance but did not help him. (Doc. 9, p. 11).

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> **Count 1:** **Eighth Amendment deliberate indifference to serious medical needs claim against all Defendants for failing to issue Fulford a low bunk permit.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against all Defendants for depriving Fulford of a second stool for seating in his cell.**
>
> **Count 3:** **Racial discrimination claim against all Defendants for denying Fulford a low bunk permit when all white inmates weighing over 300 pounds are issued low bunk permits.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

3

**standard**.[3]

## Counts 1 and 2

Prison staff and medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Fulford's weight and back problems indicate that he may have objectively serious medical conditions requiring some accommodation. However, the First Amended Complaint fails to set forth an actionable deliberate indifference claim against any of the Defendants.

Fulford lists Tammy Stevens, the Health Care Unit Administrator at Vienna, among the Defendants. (Doc. 9, p. 2). However, he does not include Stevens in his statement of claim or describe any action or inaction on her part relating to his need for a low bunk permit or the removal of his personal stool. He claims she saw his grievance, but her name does not appear on any of the documents he includes, and he does not describe any interaction with Stevens regarding the grievance or an effort to obtain a medical permit.[4] In order to be held individually liable in a civil rights case, "a defendant

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

[4] The response to Fulford's grievance states that he "has not submitted a Nurse Sick Call Request per protocol to address medical issues" and the Amended Complaint does not claim otherwise. (Doc. 9, p. 7).

must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The First Amended Complaint does not explain how Stevens was connected to a failure to issue a low bunk permit or to allow a second stool, or whether she had any knowledge of Fulford's needs or medical conditions. Her position as health care administrator is not enough to pin liability on her. *Id.*

Similarly, Warden Grissom cannot be held liable merely because he is the chief administrative officer at Vienna. Such a position of authority alone cannot be the basis for liability in a civil rights action, where the doctrine of *respondeat superior* (supervisory liability) does not apply. *Sanville*, 266 F.3d at 740 (citations omitted). Fulford's documentation shows that Grissom was aware of his grievance over the bunk permit and stool – and indeed, Grissom deemed the matter an emergency and directed his staff to expedite handling of the grievance. (Doc. 9, p. 6). Grissom then approved the disposition of the grievance, which found that Fulford had not submitted a sick call request for his bottom bunk permit and advised him to do so. (Doc. 9, p. 7). Grissom's handling of the grievance does not demonstrate any deliberate indifference on his part. He did not deny Fulford a bottom bunk permit; instead, the grievance response informed Fulford of the procedure to request one. As to the stool, the documentation shows that Fulford's cell contained one stool which presumably was shared with his cellmate. *Id.* The First Amended Complaint does not explain how the single stool was inadequate to meet Fulford's medical needs or indicate how Grissom's handling of that aspect of the grievance amounted to deliberate indifference.

5

Fulford alleges that Defendant Lahr is a member of the IDOC's Administrative Review Board ("ARB"), and Defendant Jeffreys is the "Director of Staff" at the ARB. (Doc. 9, pp. 1, 3). Lahr reviewed and denied Fulford's appeal to the ARB of the denial of his grievance (Doc. 9, p. 8), but Fulford does not describe any other involvement in the matter by Lahr. He claims that Jeffreys saw his grievance but offers no documentation in support and describes no interaction with Jeffreys on the issues. A defendant's role in responding to prisoner grievances does not amount to "personal involvement" in the constitutional deprivation that gave rise to the grievance. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). According to the First Amended Complaint, Lahr and Jeffreys were only involved in responding to Fulford's grievance appeal. This is not sufficient to support a deliberate indifference claim. And as stated above, Jeffreys cannot be held liable on the basis of his supervisory role.

For these reasons, Counts 1 and 2 will be dismissed without prejudice against all Defendants.

## Count 3

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim,

a plaintiff must establish that a state actor has purposely treated him differently than persons of another race. *Id.* The Equal Protection Clause also prohibits the singling out of a person for different treatment for no rational reason. To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

Fulford claims that he, a 300-pound Black man, was not given a bottom bunk permit while all Caucasian inmates of the same weight were given low bunk permits. This scenario could support a racial discrimination claim or a class-of-one claim if the different treatment was intentional. However, the First Amended Complaint does not identify any individual Defendant who purposely denied Fulford a low bunk permit because of his race, or who singled him out for unfair treatment. The facts as set forth in the pleading could just as well describe an accidental or inadvertent failure to grant the permit. Accordingly, Count 3 will also be dismissed without prejudice against all Defendants.

**DISPOSITION**

Fulford's First Amended Complaint (Doc. 9) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Fulford is **GRANTED** leave to file a "Second Amended Complaint" on or before **February 3, 2022**. Should Fulford fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to

prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

For all claims that Fulford wants to pursue, the Second Amended Complaint should identify the individual(s) who denied or failed to respond to his request for a low bunk permit or extra stool (Counts 1 and 2), or who purposely denied him a permit because of his race or to single him out for no rational reason (Count 3) and should describe the person's conduct. An individual whose name is not known may be identified as a "Jane/John Doe," but the amended complaint should include descriptive information such as the unknown Defendant's job title, shift worked, location, and the like, to assist in the person's eventual identification. Fulford is reminded that an amended complaint supersedes and replaces all prior pleadings, thus a Second Amended Complaint must contain all allegations supporting each claim, as well as any exhibits supporting the pleading. The amended complaint must stand on its own, without reference to any prior pleading. The Court will not accept piecemeal amendments. The amended complaint is subject to review pursuant to 28 U.S.C. § 1915A. (See Doc. 7, p. 3).

Fulford is **REMINDED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the balance of his filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Fulford is further **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  January 3, 2022**

                            /s/ Mark A. Beatty
                            **MARK A. BEATTY**
                            **United States Magistrate Judge**