IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMOS FULFORD, #R09402,                )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           )        Case No. 3:21-cv-00349-MAB
                                      )
ANN LEHR,                             )
TAMMY STEVENS,                        )
TERRY GRISSOM,                        )
and ROB JEFFREYS,                     )
                                      )
                    Defendants.       )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court for case management. On January 3, 2022, the Court dismissed Plaintiff Amos Fulford's First Amended Complaint (Doc. 9) for failure to state a claim upon which relief may be granted. (Doc. 15). The First Amended Complaint was dismissed without prejudice and Fulford was instructed that if he wanted to pursue his claims, he must file a Second Amended Complaint on or before February 3, 2022. He was warned that failure to file an amended complaint would result in dismissal of his case.

This deadline has now passed, and Fulford has not submitted an amended complaint or sent any further communication to the Court. This case is therefore subject to dismissal.

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The Court finds that Fulford has failed to prosecute his claims. Accordingly, this action shall be

1

dismissed with prejudice for failure to prosecute. *See* FED. R. CIV. P. 41(b).

## DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). All pending motions are **DENIED AS MOOT.**

Because Fulford's complaint was dismissed for failure to state a claim upon which relief may be granted, the Court counts this dismissal as one of his three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Fulford is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the remainder of the $350.00 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Fulford wishes to appeal the dismissal of his case, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Fulford plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Fulford does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of

Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 11, 2022**

/s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

3