IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMOS FULFORD, #R09402, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00349-MAB |
| | ) |
| ANN LEHR, | ) |
| TAMMY STEVENS, | ) |
| TERRY GRISSOM, | ) |
| and ROB JEFFREYS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court to consider two documents filed by Plaintiff in this closed case. (Docs. 18, 19). The Court dismissed the case on April 11, 2022, because Plaintiff failed to file a Second Amended Complaint to restate his claims. (Doc. 16).

Plaintiff's original Complaint (Doc. 1) left the "Statement of Claim" and "Request for Relief" sections blank and did not include any allegations against the Defendants. On April 6, 2021, the Court dismissed that Complaint without prejudice and allowed Plaintiff to file a First Amended Complaint. (Doc. 7).

On January 3, 2022, the Court evaluated Plaintiff's First Amended Complaint (Doc. 9) and determined it failed to state a claim upon which relief may be granted because his allegations did not indicate that any Defendant was deliberately indifferent to his serious medical conditions or that a Defendant discriminated against him based on his race. (Doc. 15). Plaintiff was ordered to file a Second Amended Complaint on or before

1

February 3, 2022 if he wished to proceed with his claims.

Plaintiff never filed a Second Amended Complaint or responded to the Court's January 3, 2022 Order in any way. Therefore, this case was dismissed for failure to prosecute. (Doc. 16).

On May 2, 2022, Plaintiff filed two one-page documents, each entitled "Amended Complaint." (Docs. 18, 19). The Court construes each document as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) because neither contains sufficient information to be considered as an amended complaint. Rule 59(e) permits a court to amend an order or judgment if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. FED. R. CIV. P. 59(e). *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Plaintiff's motions were filed within 28 days of the entry of Judgment and are timely under this rule.

In Doc. 18, Plaintiff states he filled out his 1983 form seeking a cash payment in the amount of $1,500,000 which he included in Section 5 of his Complaint form. (Doc. 18, p. 1). In Doc. 19, Plaintiff states he filled out Section 5 of his Complaint form seeking $150,000 in damages. (Doc. 19, p. 1).[1]

The Court is aware that Plaintiff's First Amended Complaint (Doc. 9), filed on April 9, 2021, was properly and completely filled out, including Section 5, "Request for Relief," in which Plaintiff sought money damages. The First Amended Complaint was

---

[1] The amount of damages Plaintiff sought in the First Amended Complaint was actually $250,000, but the dollar figure is irrelevant to this discussion. (Doc. 9, p. 12).

not rejected for an incomplete request for money damages, but instead because Plaintiff's factual statements were not sufficient to make out a claim that his constitutional rights had been violated by the Defendants he named, as was explained in the Court's January 3, 2022 Order. (*See* Doc. 15). Neither of Plaintiff's filings (Doc. 18 or Doc. 19) sets forth any error of law or fact, or any other reason for the Court to reconsider its Order dismissing this case for failure to prosecute. Further, Plaintiff does not claim that he ever submitted a Second Amended Complaint as he was instructed to do. In other words, Plaintiff does not contest that he failed to comply with this Court's Order.

In sum, this Court gave Plaintiff multiple opportunities to try and state a claim, but he failed to do so at every turn. And when the Court dismissed Plaintiff's First Amended Complaint on January 3, 2022 and granted Plaintiff leave to file a Second Amended Complaint on or before February 3, 2022, the Court warned Plaintiff of the consequences that may come if he failed to comply with the Court's Order (*See* Doc. 15., p. 8-9). The Court specifically told Plaintiff that this case could be dismissed for failure to comply with a court order and/or failure to prosecute (*Id.*). The Court remains convinced that it did not commit any error of law or fact and its order of dismissal must stand.

**IT IS THEREFORE ORDERED** that the motions (Docs. 18, 19), construed as having been brought under Rule 59(e), are **DENIED**. This case remains dismissed with prejudice for failure to prosecute. (See Docs. 16, 17).

The consideration of Plaintiff's filings as Rule 59(e) motions suspended the 30-day deadline for filing a notice of appeal following the dismissal of the case. FED. R. APP. P. 4(a)(4). Now that the motions have been denied, if Plaintiff wishes to appeal the dismissal

of his case, his notice of appeal must be filed with this court within thirty days of the entry of *this* order. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will incur the obligation to pay the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED: May 4, 2022**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**